# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIAM MORRISON, )
)
      Petitioner/Defendant, )
)
v. ) Case Nos. 06-20099-CM
) 10-2309-CM
)
UNITED STATES OF AMERICA, )
)
      Respondent/Plaintiff. )
_____)

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 241) and the government's Motion to Enforce Waiver of Collateral Attack (Doc. 243). Petitioner argues that both of his appointed counsel provided ineffective assistance, the government violated his speedy trial rights, Corrections Corporation of America ("CCA") violated his due process rights while in custody, and the court violated his rights for failing to follow through with the plea agreement, all of which rendered his plea unknowing and involuntary. The government moves to enforce the waiver in the plea agreement and deny petitioner's motion. (Doc. 243.) For the reasons set forth below, this court denies petitioner's § 2255 motion, and grants the government's motion.

## I. Factual and Procedural Background[1]

From on or about November, 2001 to August, 2004, petitioner conspired with others to commit fraud and money laundering through a complex invoicing scheme for payment in lieu of

---

[1] The facts of this case were extensively set out by the Tenth Circuit in its appeal mandate, which this court will not repeat here, except for pertinent facts regarding petitioner's sentencing hearing. *See United States v. Morrison*, 356 F. App'x 129, 130 (10th Cir. 2009).

services or products never received. Petitioner and three of his co-defendants were charged by way of an indictment on July 19, 2006, charging defendants with violations of 18 U.S.C. §§ 1343, 371, and 1956, wire fraud, conspiracy and money laundering, respectively. On March 27, 2009, petitioner pleaded guilty to Counts Seven and Thirteen of a Second Superseding Indictment pursuant to a plea agreement. Petitioner's sentencing date was set for June 23, 2009.

Petitioner filed two motions to continue the sentencing hearing (Docs. 189, 200), both of which this court granted, setting the sentencing hearing for August 21, 2009. Petitioner's objections to the Presentence Investigation Report ("PSR") were due on August 7, 2009, but petitioner's counsel did not file objections until August 13, 2009. On August 17, 2009, petitioner filed a motion to continue the sentencing hearing (Doc. 205). This court denied petitioner's motion to continue, noting that the sentencing hearing would remain set for August 21. Petitioner filed another motion to continue the sentencing hearing on August 19, 2009, the same day the government filed its response to petitioner's objections (Doc. 207). The government filed a written objection to the continuance request (Doc. 209). This court set petitioner's motion to continue for a hearing on August 21, 2009, the date of the sentencing hearing.

At the sentencing hearing, petitioner argued that the court would be violating Fed. R. Civ. P. 32(g) (a procedural rule), if the court did not grant the continuance. He asserted, under this rule, that petitioner had a right to review the final PSR, containing an addendum with any unresolved objections and the probation officer's comments regarding any objections, at least seven days prior to the sentencing hearing. (Doc. 229, at 3–7.) The court found that petitioner could not rely on this procedural rule for his own failure to timely file objections and denied petitioner's motion. *Id.* at 5–6. However, the court stated that it had taken into consideration the objections filed, and the

government's response to the objections, in preparation for the sentencing hearing. *Id.* After a short recess, petitioner, upon advice from counsel, advised the court that he would not be participating in the sentencing hearing. *Id.* at 19–20. After receiving evidence from the government, and after addressing and ruling on the objections, the court sentenced petitioner to a controlling term of 100 months, three years of supervised release, and $652,549.36 in restitution.

Petitioner timely filed an appeal. The Tenth Circuit granted the government's motion to enforce the appeal waiver in petitioner's plea agreement and dismissed the appeal. *United States v. William Morrison*, 356 F. App'x 129, 130 (10th Cir. 2009). Petitioner timely filed this § 2255 motion to collaterally attack his conviction and sentence.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner brings the following claims: (1) his counsel was ineffective for (a) failing to cross examine witnesses and/or present evidence at the sentencing hearing, (b) advising petitioner to not participate in the sentencing hearing, (c) coercing petitioner to plead guilty and (d) failing to file a motion to dismiss because of speedy trial violations; (2) the government violated petitioner's speedy trial rights while petitioner was being detained in another district; (3) CCA violated petitioner's due process rights during the time he was detained pending disposition of this case; and (4) the court

failed to fulfill its obligations in the plea agreement. (Doc. 241, at 4–16.) The government moves to enforce the waiver provision of petitioner's plea agreement, arguing that the issues fall within the scope of the plea waiver, and that it would not be a miscarriage of justice to enforce the plea waiver. (Doc. 243.)

### A. The Scope and Validity of the Waiver

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; that his counsel informed him of the charges and consequences of pleading guilty; and that he was satisfied with the advice and services of his attorney. (Doc. 237, at 5–6, 14, 32, 37–39.) He also stated that he had reviewed and understood the waiver of his right to appeal and collaterally attack his sentence and conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. (*Id*. at 28–30.) Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 10, entitled "Waiver of Appeal and Collateral Attack":

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. The defendant is aware that Title 18 U.S.C., § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

-4-

(Doc. 174, at 9.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the evidence suggests that petitioner knowingly and voluntarily entered his plea.

### B. Whether Enforcing the Waiver Would Result in a Miscarriage of Justice

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence, nor does he argue, that the court relied on an impermissible factor such as race in these proceedings, or that the plea waiver was unlawful. Further, petitioner's sentence did not exceed the statutory maximum. He focuses instead on the second factor, ineffective assistance of counsel.

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187. The court applies the standard

identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

### i. Claims Falling Within the Scope of the Plea Waiver

Petitioner's claims that the government violated his speedy trial rights, that CCA violated his due process rights, and that the court failed to fulfill obligations of the plea agreement are waivable under *Hahn* because these claims contest his conviction and prosecution. First, petitioner claims that his speedy trial rights were violated by the government because he was not properly brought before a magistrate judge within ten days of the issuance of a warrant for his arrest, (Doc. 241, at 8–10), and that he was not brought to trial within "120 or 180 days." (Doc. 241, at 9.) Petitioner next argues that CCA violated his due process rights because he was (1) punished without due process, (2) denied access to the law library and courts, (3) provided with an improper diet, recreation and, medical attention, and (4) subjected to improper treatment by staff including torture and discrimination. Finally, petitioner argues that by denying his final request for continuance of the sentencing hearing, the court failed to allow him to present evidence on his behalf regarding the restitution claim, therefore failing to fulfill the court's obligation under the plea agreement.

Petitioner fails to argue that he would not have entered into the plea agreement based on these three claims. Once he entered into the plea agreement, which he did knowingly and voluntarily, as stated above, any motion challenging petitioner's prosecution and conviction of the case were waived by petitioner. *Hahn*, 359 F.3d at 1325. The court is not a party to the plea agreement because it is an agreement between petitioner and the government. *See* Doc. 174, at ¶ 14 (noting that the plea agreement binds the defendant and the United States Attorney). At the

sentencing hearing, the court informed petitioner that "[t]he court will nevertheless consider defendant's untimely objections because Rule 32(I)(1)(D) permits a defendant to raise new objections at any time up until sentencing for good cause." (Doc. 229, at 4.) The court noted that "[d]efendant's plea agreement states that, quote, defendant agrees the district court will determine the sum of money which represents the proceeds obtained by the conspirators directly or indirectly as a result of violations set forth in Counts 1 through 10 of the second superseding indictment, end quote. Defendant bears the burden of proving withdrawal." *Id.* at 148.

Petitioner fails to show that he did not receive a fair opportunity to object to the presentence investigation report and to put on evidence at the sentencing hearing regarding his objections. Petitioner did file objections, his objections were addressed by the court, and further, he had ample time to prepare for the sentencing hearing, given the earlier continuances granted by the court, and prompt notice to petitioner that his motion to continue the August 21 setting was denied. The court finds that it would not be a miscarriage of justice under *Hahn* to deny petitioner's motion as to these claims.

### ii. Ineffective Assistance of Counsel Claims

Petitioner argues that his counsel was ineffective for: (1) failing to timely file objections to the Presentence Investigation Report, (2) advising petitioner not to participate in his own sentencing hearing, thereby failing to make objections, present witnesses and any exculpatory evidence, (3) coercing petitioner into pleading guilty, and (4) failing to raise speedy trial violations on his behalf. The court applies the standard identified in *Strickland* when determining whether a habeas petitioner's counsel provided ineffective assistance during the negotiation of the waiver. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

The Presentence Investigation Report and Sentencing Hearing

It is questionable whether petitioner's claims of ineffective assistance of counsel regarding sentencing issues survive under *Hahn*'s requirement that petitioner show ineffective assistance in conjunction with the negotiation of the plea waiver. However, if these claims survive *Hahn*, petitioner's claims fail because he lacks evidence that counsel's failures prejudiced him.

Failure of counsel to object to errors in the PSR is not *per se* deficient. *United States v. Ruth*, 768 F. Supp. 1428, 1433 n.7 (D. Kan. 1991) (citations omitted). Under *Strickland*, petitioner has the duty to show that his counsel's performance prejudiced him in some manner. *Strickland*, 466 U.S. at 687. When petitioner alleges that counsel failed to file objections or timely object to "inaccuracies in the presentence report, the petitioner must prove that he or she was prejudiced by the sentencing

-8-

judge's reliance on erroneous information." *Ruth*, 768 F. Supp. at 1433–1434 (citations omitted).

The court granted two continuances prior to the sentencing hearing in order for counsel and petitioner to adequately prepare for sentencing. Petitioner acknowledged that he had received the original copy of the PSR, and that he wrote down notes and objections to the report, and gave those to his counsel. (Doc. 229, at 21–22). Eight days prior to the sentencing hearing, but after the deadline set out by Fed. R. Crim. P. 32, petitioner's counsel filed those objections with the court. The objections were reviewed and ruled on by this court at the hearing. Petitioner has failed to make a showing that counsel's failure to file timely objections to the PSR prejudiced him.

Although the court applies the standard in *Strickland* regarding ineffective assistance of counsel claims, this court cannot ignore the narrow exception to *Strickland* under *United States v. Cronic*, 466 U.S. 648, 659–61, (1984) regarding petitioner's ineffective assistance of counsel for failing to participate in the sentencing hearing. In certain cases, where prejudice is so apparent, it can be presumed without further inquiry. 466 U.S. at 658 (citing *Bell v. Cone*, 535 U.S. 685, 695 (2002)). "One circumstance warranting the presumption is the 'complete denial of counsel,' that is, when 'counsel [is] either totally absent, or prevented from assisting the accused during a critical stage of the proceeding,'" *Wright v. Van Patten*, 552 U.S. 120, 124–125 (2008) (quoting 466 U.S. at 659). "A critical stage is one that holds 'significant consequences' for the defendant," where petitioner "is entitled to counsel at any proceeding where an attorney's assistance may avoid the substantial prejudice that could otherwise result from the proceeding." *United States v. Bergman*, 599 F.3d 1142, 1147 (10th Cir. 2010) (quoting *Kirby v. Illinois*, 406 U.S. 682, 690 (1972)); *see also United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (holding that a petitioner "is entitled to counsel at any proceeding where an attorney's assistance may avoid the substantial prejudice that

could otherwise result from the proceeding").

"*Cronic* also applies when 'there [is] a breakdown in the adversarial process.'" *Wright*, 552 U.S. at 125, n.1, (quoting *Cronic* 466 U.S. at 662); *see also United States v. Gonzalez*, 596 F.3d 1228, 1238–1239 (10th Cir. 2010). "'A complete absence of meaningful adversarial testing'" is found "'only where the evidence overwhelmingly established that [the] attorney abandoned the required duty of loyalty to his client, and where counsel acted with reckless disregard for his client's best interests and, at times, apparently with the intention to weaken his client's case.'" *Id.* (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1208 (10th Cir.2004) (internal quotation marks omitted; brackets in original)).

In *Cronic*, the Supreme Court held that, although counsel was inexperienced and was given only twenty five days to prepare for a complex criminal trial involving serious charges, these facts did not establish ineffective assistance absent evidence of actual ineffectiveness. In contrast, the present case involves petitioner's refusal to participate in his sentencing hearing based on counsel's advice. Assuming, without deciding that this contested sentencing hearing was a critical stage for petitioner due to the adversarial nature of the hearing, this court does not believe petitioner has shown that his counsel acted with "reckless disregard" for petitioner's "best interests," nor has he proven that his attorney acted with intent to "weaken his client's case." *Gonzalez*, 596 F.3d at 1238–1239. In fact, petitioner's counsel did quite the opposite, by (1) filing objections to the PSR, knowing they were filed untimely, (2) filing two motions to continue on petitioner's behalf, (3) zealously arguing on behalf of petitioner a motion for reconsideration at the hearing, and (4) during the sentencing hearing, implying that if the court did not grant the motion for reconsideration, petitioner might have a claim for ineffective assistance of counsel under § 2255. (Doc. 10.) Petitioner's counsel's failure to participate in petitioner's sentencing hearing, and advising petitioner

to do the same, does not meet the narrow exception to *Strickland* under *Cronic*. Moreover, petitioner fails to prove prejudice as required under *Strickland*.

Coercion to Enter Plea by Counsel

Petitioner's next claim of ineffective assistance of counsel, that counsel coerced petitioner into pleading guilty, is unfounded. The court has determined that petitioner knowingly and willingly entered his plea of guilty. In fact, the court reviewed the transcript of the plea proceedings and determined that the plea was entered into knowingly and voluntarily.[2] The court questioned whether petitioner's decision to plead guilty was his or his counsel's, to which he responded that the decision was his, and that he was "doing the right thing as well." (Doc. 237, at 39.) Petitioner has failed to prove prejudice by counsel as to this claim.

Counsels' Failures to File a Motion to Dismiss Based on Speedy Trial Violations

Petitioner argues that both of his appointed counsel were ineffective for failing to file a motion to dismiss based on alleged speedy trial violations regarding the time it took for petitioner to be brought to appear on the pending indictment. He further argues that he instructed his prior counsel, James Spies, to not request any continuances on his behalf. However, he does not argue that counsels' failure to file a motion to dismiss based on speedy trial violations, nor Mr. Spies's requested continuances, prevented him from entering his plea knowingly and voluntarily under *Hahn*.

However, even if he could prove that these claims should be addressed under *Strickland*, he fails to show how he was prejudiced by counsels' conduct. First, for the right to be brought to trial

---

[2] During the plea colloquy, the court inquired of petitioner whether anyone had promised anything to or threatened petitioner to enter his plea of guilty, to which he replied that he had not, and whether he was entering into the plea freely and voluntarily, to which he replied that he was. (Doc. 237, at 32.)

-11-

in 180 days to attach, it is petitioner's duty to provide to the court and the government written notice of petitioner's request for final disposition of the charges pending against him in federal court. *United States v. Provoost*, No. 05-40143-1-RDR, 2009 WL 3764104, at *2 (D. Kan. Nov. 10, 2009); *Fex v. Michigan*, 507 U.S. 43, 52 (1993). Further, "'even where a prisoner has made a good faith effort to invoke his rights. . . he is not entitled to relief unless adequate notice was actually received.'" 2009 WL 3764104 at *2 (quoting 507 U.S. at 49–50).

Petitioner's first docketed communication with the court regarding his request to be brought to trial on these charges was on February 16, 2007 (Doc. 50), when Magistrate Judge O'Hara informed petitioner, by way of a docketed response, that the court understood petitioner to be in custody pursuant to a writ of habeas corpus issued in the Western District of Missouri (Doc. 50). Petitioner's letter reflected only that it had been copied to Judge John Lungstrum, Chief Judge at the time of the filing. He noted in his letter that he had made phone calls to the U.S. Marshal Service, the prosecutor, and the Federal Bureau of Investigation. He fails to show that he requested in writing from the court and the government to be brought formally on these charges prior to filing a Motion for Order of Arrest on March 30, 2007 (Doc. 55). Five days later, the government filed a motion for writ of habeas corpus ad prosequendum (Doc. 58). Petitioner was arrested on May 16, 2007, and brought before the court on May 24, 2007, for his arraignment.

Because a federal detainer is not considered to be an arrest within the meaning of the Speedy Trial Act, petitioner's speedy trial rights did not begin tolling on the indictment until he was arrested in connection with the charges pending against him. *United States v. Bagster*, 915 F.2d 607, 611 n.3 (10th Cir. 1990) (citations omitted). Therefore, from May 16, 2007, through March 27, 2009, only fifty out of the seventy days were tolled, due to six motions to continue filed by petitioner, involving both a continuation of pretrial deadlines and trial dates. Although petitioner argues that he

-12-

instructed his counsel not to request continuances on his behalf, three of petitioner's motions to continue the trial–those filed closest to the final trial date–specifically stated that petitioner did not oppose the motions. (*See* Docs. 109, 124 and 131).

"The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 353–355 (1994) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962)). Petitioner has failed to prove that if either of his counsel would have filed a motion to dismiss based on speedy trial violations prior to petitioner's arrest and prior to trial, any such motion could have been successful. He has also failed to show that he objected to the requested continuances counsel filed on his behalf. Therefore it would not be a miscarriage of justice to deny petitioner's motion as to these claims. He has not met his burden under *Strickland* on his ineffective assistance of counsel claims, failing to prove his counsel was ineffective rendering his plea unknowing and involuntary.

After reviewing the record in its entirety, and engaging the required analysis, the court finds that petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for this court to enforce the waiver provision of his plea agreement.

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 241) is denied.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Waiver in the Plea Agreement (Doc. 243) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 4th day of August, 2010, at Kansas City, Kansas.

>  **s/ Carlos Murguia**
>  **CARLOS MURGUIA**
>  **United States District Judge**