IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )     Case No. 06-20099-02-JWL
                                     )
WILLIAM T. MORRISON, JR.,            )
                                     )
                    Defendant.       )
                                     )
_____)

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant's *pro* se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 260).[1] For the reasons set forth below, the Court **denies** the motion.

In 2009, after defendant pleaded guilty to wire fraud and money laundering, the Court sentenced defendant to a term of imprisonment of 100 months, to be served after certain state court sentences. Defendant is incarcerated at Elkton FCI in Ohio, and his present release date is January 17, 2023. On May 4, 2020, defendant filed the instant motion seeking release under Section 3582(c)(1)(A), based solely on his risk of infection with the COVID-19 virus.

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." *See id.* The moving defendant bears the

---

[1] This case was reassigned to the undersigned judge on May 5, 2020.

burden of establishing that relief is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).

Defendant bases his motion solely on the COVID-19 outbreak and the incidence of cases at the Elkton facility (where the BOP reports 162 positive inmate cases and 9 inmate deaths as of this date). Defendant notes that a federal court has issued an injunction requiring that higher-risk inmates be transferred from Elkton because of the outbreak there. *See* Order, *Wilson v. Williams*, No. 20-cv-794 (N.D. Ohio Apr. 22, 2020).

Nevertheless, the Court concludes in its discretion that defendant has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison. The Bureau of Prisons has implemented measures in Elkton and in other facilities to control outbreaks, particularly with respect to higher-risk inmates. Notably, defendant has devoted little of his argument to his own medical condition and risk. He states that he is 56 years old, has suffered heart disease, and has high cholesterol; but his medical records indicate that he is not presently suffering from any serious medical condition. Moreover, in the ongoing federal lawsuit cited above, defendant was not

identified as one of the 837 Elkton inmates that were deemed the most vulnerable and at an elevated risk from the virus.  Defendant has simply not shown that he bears a relatively high risk of serious medical harm, and the Court is not prepared to order the release of any and all inmates in the absence of such a risk.

In addition, the Court notes that defendant's scheduled release is not imminent, and the Government maintains a valid public interest in incarcerating defendant in accordance with the terms of his lawful sentence.  Defendant also notes that he is due to be transferred to a lower-security-level camp in the near future (although he has provided no details about the date of that transfer or the conditions and measures at that facility with respect to the virus), and his risk of harm while at Elkton is lessened for that reason as well.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release (Doc. # 260) is hereby denied.

IT IS SO ORDERED.

Dated this 26th day of May, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge