IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                Plaintiff, )
)
v. )   Case No. 06-20099-02-JWL
)
WILLIAM T. MORRISON, JR., )
)
                Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

In March 2009, defendant William Morrison pleaded guilty to wire fraud and money laundering. The district judge assigned to the case at the time sentenced defendant to a term of imprisonment of 100 months, to be served consecutive to two state court sentences, three years supervised release, and $652,549.36 in restitution. He is presently incarcerated at FCI El Reno and his projected release date is February 3, 2023.

In February 2021, defendant filed his second emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Utilizing the Tenth Circuit's three-step test for analyzing such motions, *see United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), the court denied the motion based on its conclusion that a reduction was inconsistent with the applicable factors set forth in 18 U.S.C. § 3553(a). In so holding, the court emphasized that defendant orchestrated the extensive and sophisticated fraud scheme at issue in this case; that defendant continued to refuse to acknowledge his culpability; that defendant received a low-end sentence; and that defendant's criminal history was lengthy and violent.

Defendant now moves for reconsideration (doc. 282) of the court's April 15, 2021 memorandum and order denying defendant's second emergency motion for compassionate release. "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012).

In his motion for reconsideration, defendant argues that the court ignored defendant's rehabilitative efforts when analyzing the motion for compassionate release and he reasserts his argument that he withdrew from the fraud scheme in its early stages.[1]

---

[1] Defendant also contends that the court ignored his arguments regarding his age and overcrowded living conditions at his facility. But those arguments go to whether defendant established extraordinary and compelling reasons sufficient for the court to consider early release. Because the government conceded that issue, the court did not address it. Defendant also contends that the court ignored his argument that he is not a danger to the community. That language, however, comes from the Sentencing Commission's policy statement (U.S.S.G. § 1B1.13) which the Circuit in *McGee* held was not applicable to compassionate release motions filed by prisoners. The court, then, did not address it because defendant is not required to make that showing.

2

Defendant is correct that the court did not mention defendant's rehabilitative efforts. Nonetheless, defendant's rehabilitative efforts do not establish that the court erroneously assessed the evidence when it determined that the § 3553(a) factors weighed against compassionate release. *See United States v. Williams*, ___ Fed. Appx. ___, 2021 WL 1148456, at *2 (10th Cir. Mar. 25, 2021) (district court's failure to consider defendant's "significant progress toward rehabilitation" was not an abuse of discretion; even assuming truth of assertions regarding rehabilitation and relevance to deciding compassionate release motion, defendant's arguments did not establish that decision was based on erroneous assessment of evidence pertinent to § 3553(a) factors). Simply put, even considering defendant's evidence regarding his rehabilitative efforts, the court still concludes that a reduction is not warranted for the reasons set forth in full in the court's April 15, 2021 memorandum and order.

Defendant also reasserts his argument that he withdrew from the fraud scheme in its early stages, suggesting that he should have received a lower sentence or has been sufficiently punished for his conduct. The court addressed and rejected this argument in its April 15, 2021 memorandum and order. Specifically, the court explained that the sentencing judge found that defendant never withdrew from the scheme and attributed the entire amount of the loss—more than $650,000—to defendant. While defendant obviously disagrees with the court's assessment of the record, he has not shown that the court's conclusion was erroneous and the court will not revisit this issue again. *See Servants of Paraclete*, 204 F.3d at 1012 (motion for reconsideration not appropriate for revisiting issues already addressed).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 282) of the court April 15, 2021 memorandum and order is **denied.**

**IT IS SO ORDERED.**

Dated this 18th day of June, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge