IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.               Case No. 06-20099-02-JWL

**William Morrison,**

   **Defendant.**

## MEMORANDUM AND ORDER

In March 2009, defendant entered a plea of guilty to one count of wire fraud and one count of money laundering. As part of defendant's sentence, the court directed defendant to pay restitution totaling more than $650,000.00. This matter is now before the court on defendant's pro se motion for early termination of supervised release (doc. 296). Both the government and the probation office oppose the motion.[1] As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. §

---

[1] While the government opposes the motion, the court previously ruled that it would not consider the substance of that opposition because the government did not establish good cause for failing to respond to defendant's motion in a timely fashion.

3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). In support of his motion, defendant asserts in summary fashion that he has completed more than half of his three-year term of supervision and that the probation office supports the motion. Defendant does not address his employment status, living situation, family support or community ties. More importantly, just after the filing of defendant's motion, the probation office provided the court with a Form 12A Report on Offender under Supervision indicating defendant's non-compliance with certain special conditions of release—namely, opening additional lines of credit without approval from the probation officer. Thus, while the probation office initially supported defendant's motion, the office withdrew that support when it discovered that defendant had obtained three credit cards without permission from probation.

It is significant to the court that the probation office opposes the termination of defendant's supervision because that office is the most familiar with defendant's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. This is particularly true with respect to the circumstances surrounding defendant's recent violation of the conditions of his supervised release. In reply, defendant candidly concedes his mistake in obtaining the credit cards and states that "re-adjusting to society has not been easy." He also asserts that his probation officer has been very helpful in assisting him with readjustment. Defendant's reply confirms to the court that continued supervision at this juncture will benefit defendant and that early termination would be premature. Defendant may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for early termination of supervised release (doc. 296) is denied.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2024, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
